637 So.2d 47 (1994)
CHARLES E. BURKETT AND ASSOCIATES, INC., Appellant,
v.
DEPARTMENT OF TRANSPORTATION, Appellee.
Nos. 92-2482, 93-686.
District Court of Appeal of Florida, Fifth District.
May 13, 1994.
Theodore E. Mack, Cobb, Cole & Bell, Tallahassee, for appellant.
Thornton J. Williams, Gen. Counsel, and Thomas F. Capshew, Asst. Gen. Counsel, Tallahassee, for appellee.
HARRIS, Chief Judge.
The issue in this case is the validity of the rules of the Department of Transportation *48 which have the effect of requiring that before a minority or woman owner may be certified as a Disadvantaged Business Enterprise in order to compete for set-aside contracts, such minority or woman owner must, in addition to merely being the owner, also have the technical capability, knowledge, training, education or experience required to make decisions in the critical areas of operation.
The rules implemented by the Department are consistent with and patterned after the rule promulgated pursuant to the Federal Surface Transportation and Uniform Relocation Act of 1987 (the Federal Act) to address the same problem of lack of minority and women participation in government construction contracts on the national level:
(3) The minority or women owners shall also possess the power to direct or cause the direction of the management and policies of the firm and to make the day-to-day as well as major decisions on matters of management, policy and operations ...
49 C.F.R. § 23.53.
Where the empowering provision of a statute permits an agency to make rules and regulations necessary to carry out the provisions of the act [see section 337.139, Florida Statutes (1991)], the validity of such rules and regulations will be sustained so long as they are reasonably related to the purposes of the legislation and are not arbitrary or capricious. General Telephone Co. of Florida v. Florida Public Service Commission, 446 So.2d 1063 (Fla. 1984).
We find the rules of the Department to be neither arbitrary nor capricious and that they are reasonably related to the purpose of the legislation, which is to encourage minorities and women to actively participate in the construction services professions.
AFFIRMED.
DIAMANTIS, J., concurs.
GRIFFIN, J., concurs specially, with opinion.
GRIFFIN, Judge, concurring specially.
This is the appeal of an order denying minority business enterprise ["MBE"] certification to the engineering firm, Charles E. Burkett and Associates, Inc., by the Department of Transportation. The firm has been owned 100% by a white female, Carol Burkett, since 1986, when her husband, the founder of the firm, died. While he lived, Carol Burkett's husband handled the "technical aspect" of the business  the engineering and the marketing. She did everything else. After her husband's death, another engineer employed by the firm signed and sealed all engineering documents until her son became licensed as an engineer and he took over the technical aspects of the business. The reason for the denial of MBE certification was the requirement in DOT Rule 14-78.005(7)(e)-8 that minority owners must have: "Managerial and technical capability, knowledge, training, education or experience required to make decisions in the critical areas of operation." It is conceded that Carol Burkett has no engineering expertise. Appellant challenges the validity of that rule on the ground that DOT has exceeded its legislatively granted authority by requiring expertise as an element of "control." See § 337.139 and 339.0805, Florida Statutes (1993). Appellant further challenges the application of the rule to the facts of this case.
It is ironic that these MBE programs, ostensibly designed to remedy the effects of past discrimination, often are themselves vehicles of bias and discrimination. A prime example is the question of who is in "control" of a business where the majority owner is female. If a woman shares any ownership at all with a male or, if a male  especially one related by blood or marriage  is employed in the business in any capacity, there arises in the bosom of those who make the certification decision an unfair, yet unquenchable, presumption that she is, in fact, not in "control" of her own business. This same presumption or intuition (or whatever it is) is not applied  or at least not applied with the same instinctual fervor  to minority males who share ownership with a non-minority.
I am the cause of the delay in issuing the opinion in this case. Having exhausted the research and resources available to me for a broader understanding of this issue, I have finally concluded that there is probably no *49 error in the appealed order. The requirement of "expertise" has been validated by federal case law, see, e.g., Car-Mar Const. Corp. v. Skinner, 777 F. Supp. 50 (D.D.C. 1991), and the DOT followed the federal dictate in adopting expertise as an essential element of "control." If this requirement of "expertise" is applied fairly and uniformly to both genders and all minorities seeking MBE certification, it may have the salutary effect of removing some of the latent bias that can exist in these governmentally run programs.